(94 South. 721)

**WILSON BROS. v. MOBILE &· O. R. CO.**
**(5 Div. 831.)**

(Supreme· Court ·of Alabama.   Dec. 14, 1922.)

**I. Appeal and error ⬚1058(2)—Exclusion of evidence covered by subsequent testimony of witness held harmless.**

In an action against a railroad for damages by·fire alleged caused by sparks from a passing engine, the exclusion of evidence as to the unusual size and quantity of the sparks emitted by the engine, in view of the subsequent testimony of the witness that the sparks were large, and that the train threw out more than other trains, if erroneous, was harmless.

**2. Trial ⬚253(4)—Instruction on liability of railroad for starting fire by sparks from passing engine held not erroneous as ignoring liability for construction of engine.**

In an action against a railroad for damages by fire alleged caused by sparks from engine, an instruction that if the evidence reasonably satisfied the jury that there was no negligence by defendant in the operation, management, or equipment of its locomotive or locomotives at the time of the injury, and that such injury was not the direct and proximate consequence of its servants, agents, or employees, its verdict should be for defendant, *held* broad enough to cover improper construction of the engine, if constructed by defendant, or if operated by its servants, whether constructed by it or not, and not erroneous.

**3. Trial ⬚296(3)—Error in instruction ignoring issue of construction of engine as cause of fire cured by other charge.**

In an action against a railroad for damages by fire caused by sparks from engine, any error in instruction in ignoring improper construction of the engine as ground of liability *held* cured by other instructions.

**4. Trial ⬚237(1)—Instruction on burden of proof held not erroneous for the use of the word "preponderance."**

An instruction that the burden is upon plaintiff to make out his case by a preponderance of the evidence, and that where the testimony is equally balanced the plaintiff has failed to carry the burden, and the jury must find for defendant, *held* not erroneous for the use of the word "preponderance."

**5. Appeal and error ⬚1052(5), 1068(4)—Where verdict for defendant, errors as to measure of damages will not reverse judgment.**

Where the verdict is for defendant, ·errors in instructions and·· in the admission of evidence relating to measure of damages are not available to reverse the judgment.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Action by Wilson Brothers against the Mobile & Ohio Railroad company. From a judgment for defendant, plaintiffs appeal. Affirmed.

For a statement of the case, see opinion in 207 Ala. 171, 92 South. 246.

Charges 3, F, and Z given for the defendant are as follows:

"(3) The court charges the jury that if the defendant has reasonably satisfied you from the evidence that there was no negligence on its part in the operation, management, or equipment of its locomotive or locomotives at the time of the injury complained of, and that such injury was not the direct and proximate consequence of the negligence of some one of its servants, agents, or employees, then you will return a verdict for the defendant."

"F. The court charges the jury that the burden is upon the plaintiff to make out his case, by a preponderance of the testimony, and, where the testimony is equally balanced, then it is your duty to find for the defendant, for in that case the plaintiff has failed to carry the burden which the law places upon him."

"Z. I charge you, gentlemen of the jury, that in determining the value of the barn and mill house, alleged to have been burned by defendant, you may consider the price paid for the property by plaintiffs, as well as the valuation placed by plaintiffs on the property, in assessing their property for the year 1920. This testimony should be considered by you in connection with all the other testimony in this cause."

Hill, Hill, Whiting & Thomas, of Montgomery, and Reynolds & Reynolds, of Clanton, for appellants.

. It was error to overrule plaintiff's objection to the introduction of the deed, plat, and assessment list. 207 Ala. 171, 92 South. 246; 156 Ala. 319, 47 South. 314, 130 Am. St. Rep. 94; 14 Ala. App. 194, 68 South. 1015; (Ala. App.) 88 South. 355; 106 Ala. 303, 17 South. 395. The giving of charges 3, F, and Z at defendant's request was error. 207 Ala. 171, 92 South. 246; (Ala. App.) 88 South. 355; 106 Ala. 303, 17 South. 395; 161 Ala. 169, 49 South. 685; 14 Ala. App. 175, 68 South. 720.

Steiner, Crum & Weil, of Montgomery, and F. Loyd Tate, of Wetumpka, for appellee.

The deed, map, and assessment list were admissible as identifying the property. 207 Ala. 171, 92 South. 246; 152 Ala. 213, 44 South. 631; 200 Ala. 219, 75 South. 977. Since the verdict found that there was no liability, the giving of charge Z was without injury. 207 Ala. 171, 92 South. 246. If the testimony be evenly balanced, then the verdict must be against the party on whom the burden of proof rests. 60 Ala. 610.

ANDERSON, C. J. The report of this case upon former appeal will be found in 207 Ala. 171, 92 South. 246.

[1] The question to the witness Turner as to the number of sparks. emitted, and to which an objection was sustained, could have been intended only to show that there was an unusual quantity or that they were

of an unusual size, and the witness subsequently testified that the sparks were large and that this train threw out more than other trains; so, if there was error, it was without injury.

[2, 3] There was no error in giving charge 3 at the request of the defendant. It instructed a finding for the defendant only in the event the jury was reasonably satisfied of the proper operation and equipment of the engine and its servants were not guilty of any negligence whatsoever. The last part of the charge was in the conjunctive and was broad enough to cover an improper construction of the engine, if constructed by defendant, or if operated by its servants whether constructed by it or not. Moreover, if the charge was calculated to mislead by the omission of the word "construction" from the first part of same, the misleading tendencies were removed by the oral charge of the court which instructed and repeated that the burden of proof was upon the defendant to show there was no negligence upon the part of its servants in the "operation, construction or equipment of its engines." The charge to which our attention is called in the case of McMillan v. Manistee Lumber Co., 161 Ala. 169, 49 South. 685, is unlike the one under consideration and did not contain the last part of the one at hand.

[4] Charge F, given for the defendant, was merely an instruction as to the burden of proof, and the giving of same was not reversible error. True, it uses the word "preponderance," which might have justified its refusal; but the giving of same was not error to reverse. Green v. Lumber Co., 163 Ala. 516, 50 South. 917, and cases there cited; Mayfield's Dig. p. 142. In the case of L. & N. R. v. Cheatwood, 14 Ala. App. 175, 68 South. 720, cited by counsel, the Court of Appeals simply justified a refusal of charge 18, but did not hold that the giving of same or the one under consideration would be reversible error.

[5] The deed, plat, and assessment were held admissible upon the former appeal. Moreover, the assessment went to the value of the property alone and the measure of damages, as did the defendants' given charge Z, and it is well settled by the decisions of this court that, where the verdict establishes that the plaintiff is not entitled to recover at all errors relating to the measure of damages are not available to reverse the judgment. Pulliam ,v. Schimpf, 109 Ala. 179, 19 South. 428.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.