(96 South. 328)

**BROTHERS v. NORRIS.  (8 Div. 556.)**

(Supreme Court of Alabama. April 5, 1923. Rehearing Denied May 10, 1923.)

**1. Trespass ⬯68(1)—Instruction on legal title held not erroneous.**

In an action of trespass, where plaintiff, although introducing a deed covering the strip of land in controversy, showed not actual possession thereof, the undisputed evidence to the contrary showing actual possession by defendant, it was not error to charge that, under the evidence, plaintiff must have had at the time of the trespass the legal title to the land in order to recover.

**2. Trespass ⬯67—General charge held properly refused.**

In an action of trespass, where it was disputed as to whether or not a strip of land in controversy was within plaintiff's deed, a general charge in plaintiff's favor was properly refused.

**3. Trespass ⬯20(4)—Actual possession excludes constructive possession.**

In a trespass, actual possession in defendant excludes constructive possession in plaintiff, notwithstanding that his deed includes the land in controversy.

**4. Trial ⬯253(3)—Instruction held erroneous as excluding defense of actual possession of uninclosed land by defendant.**

In an action of trespass, it was not error to refuse to charge that, if the land in question was in woods and uninclosed, and if plaintiff was in possession of the remainder of a larger tract under a deed, then plaintiff was in possession of the land in dispute and entitled to a verdict, since such instruction excluded the idea of an actual possession, if uncleared and uninclosed when defendant may have been in actual possession.

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Trial ⬉191(5)—Instruction held properly refused as assuming facts contrary to evidence.**

In an action of trespass, it was not error to refuse a charge that, if the land was in woods and uninclosed, and if plaintiff was in possession of the remainder of a larger tract conveyed in a deed, then plaintiff was in possession of the land and entitled to a verdict; such instruction assuming that the strip in dispute was a part of the larger tract when such fact was controverted by evidence.

**6. Appeal and error ⬉1052(5), 1068(4)—Errors as evidence and instructions relating to measure of damages harmless, where finding for defendant.**

Where the jury finds for defendant in an action of trespass, errors in the evidence and instructions as to the measure of damages are harmless.

Appeal from Morgan County Court; Wm. T. Lowe, Judge.

Action in trespass by W. M. Brothers against Monroe Norris. From a judgment for defendant, plaintiff appeals. Transferred from the Court of Appeals under Act 1911, p. 449, § 6. Affirmed.

The following is the excerpt from the oral charge to which exception was taken:

"Under the evidence in this case the plaintiff must have had at the time of the alleged trespass, the legal title to the land, in order to recover."

Charge 2, refused to plaintiff, reads:

"I charge you, gentlemen, that, if the land in question was in woods and uninclosed, and if plaintiff was in possession of the remainder of the 20 acres in his deed from Sparkman, then I charge you that plaintiff was in possession of the land in dispute, and is entitled to a verdict at your hands."

G. O. Chenault, of Albany, for appellant.

Possession will support an action of trespass without proof of title. L. & N. R. Co. v. Higginbotham, 153 Ala. 335, 44 South. 872; 28 A. & E. Ency. Law (2d Ed.) 673; Morris v. Robinson, 80 Ala. 291; Lankford v. Green, 62 Ala. 315; Duncan v. Potts, 5 Stew. & P. 82, 24 Am. Dec. 766; L. & N. R. Co. v. Hall, 131 Ala. 165, 32 South. 603.

Sample & Kilpatrick, of Hartsells, for appellee.

Constructive possession can have no force or effect as against actual possession. Defendant was entitled to the affirmative charge. Watters v. Ezell, 188 Ala. 385, 66 South. 443; Zimmerman v. Dunn, 163 Ala. 272, 50 South.

906; Lee v. Raiford, 171 Ala. 124, 54 South. 543.

ANDERSON, C. J. [1] The plaintiff introduced a deed to the subdivision to which he claims that the strip of land belongs; and, while he claims to have gone in possession of the land when he bought it, he showed no actual possession to the strip in question prior to placing posts thereupon and stringing a wire over same shortly before the suit was brought, and the undisputed evidence shows that the defendant was then in actual possession. Therefore the plaintiff not having shown actual possession was put to constructive possession, which goes with the legal title in the absence of actual possession in another, and the plaintiff, not having shown actual possession to the strip in question, was put to proof of the legal title and constructive possession thereunder, and that part of the oral charge objected to by the plaintiff was not error to his prejudice under the facts in the case.

[2, 3] The plaintiff was, of course, not entitled to the general charge as it was disputed as to whether or not the strip was within his deed or if it was whether or not it was excluded by an agreement as to the corner and adverse possession thereunder. Moreover, the great weight, if not all the evidence, showed actual possession in the defendant and which would exclude a constructive possession in plaintiff even if his deed included the strip in question.

[4, 5] There was no error in refusing charge 2 requested by the plaintiff. In the first place, it excludes the idea of an actual possession to the land, if uncleared and uninclosed when the defendant may have committed acts sufficient to show actual possession. Again it assumes that the strip in dispute was a part of the 20 acres in the plaintiff's deed from Sparkman, when such fact was controverted by the evidence of Sparkman and Sandlin.

[6] The other questions involved, both as to evidence and charges, go to the measure of damages rather than the plaintiff's right to recover, and, since the jury found for the defendant, errors in this respect, if any there were, were without injury to the plaintiff. Wilson Bros. v. M. & O. R. Co., 208 Ala. 581, 94 South. 721.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.