166 So. 808

**NELSON v. BELCHER LUMBER CO. et al.**

6 Div. 831.

Supreme Court of Alabama.

Feb. 27, 1936.

Rehearing Denied April 9, 1936.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

D. S. Satterwhite, of Birmingham, for appellees.

BOULDIN, Justice.

The suit was under the homicide statute (Code 1923, § 5696).

118

■ The first assignment of error, and that most urgently argued, presents the ruling of the trial court denying the motion of plaintiff to set aside the verdict for defendants, and grant a new trial on the ground that the verdict was not warranted by the evidence; was so opposed to the great weight of the evidence as to be clearly and palpably wrong and unjust.

Dealing with this and other questions presented for review, we observe:

The evidence disclosed that while defendants' truck, with trailer attached, was being driven on a paved highway from Bessemer toward Tuscaloosa, it overtook and passed a Chevrolet car in which plaintiff's intestate was riding; that the truck proceeded to pass at the moment the vehicles were reaching a bridge about 90 feet long, with 20 feet clearance, and concrete balustrades; that the Chevrolet car ran into the balustrade on the right, causing plaintiff's intestate to be thrown from the car and receive injuries from which he died.

Plaintiff's evidence tended to show that the trailer sideswiped, or bumped against the left-hand side of the car, while the latter was running on the right of the center line of the road, and so caused it to run into the cement balustrade of the bridge.

The complaint is grounded on alleged negligence of the driver of the truck in causing or allowing the trailer to strike the automobile. This was a sharp issue of fact on which much testimony was presented on each side. Some witnesses for plaintiff claimed the trailer was not tracking the truck, but running one to two feet out of line and to the right. This contention was strongly challenged in evidence. Reading this conflicting evidence from the typewritten page, and giving like credence to the testimony of the witnesses, including their opportunity to see and know, it may be conceded the evidence for plaintiff seems the stronger. But taken in connection with other evidence, we are not prepared to say it is so clear and convincing that a reviewing court should override the verdict of the jury, sustained by the trial judge, who saw and heard the witnesses, and indeed had some evidence not here presented. The strong presumption to be indulged in such cases need not be reiterated.

■ Neither was this the sole issue of fact for consideration of the jury. The suit is against a firm and its two individual members.

Plaintiff relied upon and had the burden to prove liability under the doctrine of respondeat superior.

On this point it appears the firm was engaged in a logging and lumber business. This truck with trailer was employed, as a rule, in hauling logs and lumber. Operations had ceased for the Christmas holidays. The truck was standing unused, the regular drivers off duty. At this stage the sawyer at the sawmill, not employed to drive a truck at the time, desiring to go on a personal shopping expedition to Bessemer, spoke to the manager of the commissary about using this truck to make the trip. In the absence of the managing member of the firm, it appears both questioned the authority to use this truck on such a mission. It was decided to so use it, and arranged for this sawyer, the driver, to buy and bring back from Bessemer some feedstuff, and articles of merchandise for the commissary store. He did so and same was loaded on the trailer at the time of the accident. Without going into all details, it became a question for the jury to decide whether in fact this manager of the commissary ever undertook to act for his principal in authorizing the sawyer to drive the truck on this trip, or whether the sawyer took the responsibility to use the truck, risking the approval of the managing member of the firm, and in view of his going, the manager of the commissary then requested him to bring the feedstuff, etc. Certainly the sawyer was not in the line and scope of his employment in taking this truck for a personal mission, whether with or without the consent of his employer, or his authorized agent. The manager of the commissary, under the evidence, did have authority to order goods, etc., as needed, but whether it was within the scope of his employment to assume dominion over this truck, to empower the sawyer to take it on a personal errand or on a joint errand, was a question for the jury under all the facts of this case. The general verdict is not to be disturbed, if supported by this phase of the evidence. In view of all the issues presented, this court finds no sufficient grounds to disturb the verdict.

■ Upon a motion, based on the ground that the answers to interrogatories filed under Code, § 7764, are not full, or are evasive, the court has a discretion, if he finds the motion well taken, to deal with the defaulting party in either of three ways, defined in Code, § 7770. The motion here

made to require full answers by a date designated in the motion, under penalty of a judgment by default or nil dicit, was overruled without error. Russell v. Bush, 196 Ala. 309, 316, 71 So. 397.

On predicate being laid identifying the truck and trailer, and showing there had been no change in the truck, the trailer, or their coupling, save the fact that they had been used some four months after the accident and before the trial, it was within the discretion of the court to permit the jury to inspect the truck and trailer. One of the disputed facts this viewing was intended to elucidate was whether the trailer, thus coupled, would track the truck. Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 278; White v. Thorington, 219 Ala. 101, 120 So. 914.

Given charges predicating a finding of facts upon which a verdict should go for all the defendants are not bad because they call for a verdict for "defendant," instead of "defendants." In a case where all the defendants, or none, are liable, such charges, if misleading, would be to the detriment of defendants, rather than plaintiff.

Given charges defining the degree of care as that of a "reasonable prudent" person, under like conditions, instead of the usual form "reasonably prudent," if objectionable, are merely misleading. The import is substantially the same, whether we think of it in common parlance, or on critical analysis.

Charges defining the measure of proof required of him who carries the burden to be such as "reasonably satisfies the jury by a preponderance of the evidence," instead of the usual statement "reasonably satisfies the jury by the evidence," may be given without error. The rule has been long declared that such charges may be refused because of some tendency to mislead, but they have no such fault as will render it erroneous to give them. Wilson Bros. v. Mobile & O. R. Co., 208 Ala. 581, 94 So. 721; Green v. Southern States Lumber Co., 163 Ala. 511, 50 So. 917.

There was some evidence tending to show the Chevrolet car was overloaded, and that this condition rendered it more difficult to steer between a passing vehicle and the balustrade of the bridge. Defendants' given charge made the basis of assignment of error No. 21 was, therefore, not abstract.

The court may, on request, give charges covering any theory of the case within the pleadings and which some evidence, however inconclusive, tends to support. The giving of the charge in question was not error to reverse because of infirmities presented. We do not consider whether objectionable on other grounds.

We find no error to reverse on any grounds presented. We have discussed all those which seem to us to call for special mention.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.