51 So.2d 524

## BROWN v. SOUTHEASTERN GREYHOUND LINES, Inc., et al.

### 6 Div. 124.

Supreme Court of Alabama.
March 15, 1951.

310

Gibson & Hewitt, of Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellees.

LAWSON, Justice.

This is a suit by Lillian Davy Brown, as administratrix of the estate of her father, Clarence Vincent (Jack) Davy, against Southeastern Greyhound Lines, a corporation, and David Eugene Ross.

There were four counts in the complaint. Counts A and B sought to recover damages under the homicide statute, § 123, Title 7, Code 1940, for the death of plaintiff's intestate. Count A charged simple negligence and Count B charged wantonness. Counts C and D sought to recover for damage to the automobile of plaintiff's intestate. Count C was based on simple negligence and Count D charged wantonness.

The defendants pleaded the general issue in short by consent in the usual form.

The verdict of the jury was in favor of both defendants. Judgment was in accord with the verdict. Plaintiff's motion for a new trial having been overruled, she has appealed to this court.

The only assignments of error sufficiently argued in brief relate to the action of the trial court in giving to the jury certain written instructions requested by the defendants.

Plaintiff's intestate lost his life as a result of injuries received in a collison be-

tween an automobile owned by him but driven by a Miss Cantrell and a passenger bus owned by the corporate defendant and driven by the defendant David Eugene Ross. The collision occurred on the Birmingham-Montgomery highway a short distance north of Verbena in Chilton County. Intestate's car was being driven in a southerly direction and the passenger bus was travelling north.

The evidence shows that intestate was a widower and had been going with Miss Cantrell for about a year. Miss Cantrell always drove when she and intestate were riding together in intestate's car. On the day of the collision, September 3, 1949, intestate and Miss Cantrell were en route to either Pensacola or Panama City, Florida.

Proof of the ownership of the car by intestate raised a presumption that Miss Cantrell was operating it as the owner's agent and was acting within the line and scope of her authority. Cox v. Roberts, 248 Ala. 372, 27 So.2d 617, and cases cited. This presumption is, of course, rebuttable. It is a procedural expedient and takes the place of evidence respecting matter peculiarly known to the owner. The presumption is not evidence and in practice and effect merely imposes upon the owner the burden of showing that the driver was not his agent, or that, if he was, he was not acting within the scope of his authority or in the course of his employment. When ownership of the car is shown, no proof need be made that the operator of the car was the agent of the owner and was acting within the line and scope of his employment, until and unless the owner has offered proof that the driver was not acting for the owner in the line and scope of his authority. Tullis v. Blue, 216 Ala. 577, 114 So. 185; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Craft v. Koonce, 237 Ala. 552, 187 So. 730.

There is absolutely no evidence in this case which even remotely tends to

rebut that presumption. Hence, the defendant was entitled to the general affirmative charge with hypothesis on the question of the agency of the driver of the car, Miss Cantrell. Slaughter v. Murphy, 239 Ala. 260, 194 So. 649. It results that on the case presented by this record, the owner was chargeable with the contributory negligence of the driver. Hence the trial court did not err in giving charge No. 34 at the request of the defendant. Thomas v. Carter, 218 Ala. 55, 117 So. 634.

It was not error to give defendant's requested charge No. 21. Randle v. Birmingham Ry., Light & Power Co., 169 Ala. 314, 53 So. 918. But even if the trial court had erred in giving the charge, we would not reverse, for where the verdict establishes that plaintiff is not entitled to recover at all, errors relating to the measure of damages are not available to reverse the judgment. Pulliam v. Schimpf, 109 Ala. 179, 19 So. 428; Wilson Bros. v. Mobile & O. R. Co., 208 Ala. 581, 94 So. 721; Brothers v. Norris, 209 Ala. 426, 96 So. 328; Roll v. Dockery, 219 Ala. 374, 122 So. 630, 65 A.L.R. 1473.

Plaintiff, appellant here, insists that the trial court erred to a reversal in giving Charges 27 and 28 at the request of defendant, appellee here. It is asserted that these charges should not have been given for the reason that they pretermit a consideration of the issues of subsequent negligence and wantonness. These charges are in material respects the same as Charges 5, 6, and 8, which we held the trial court gave without error at the request of the defendant in the case of Tyler v. Drennen, 51 So.2d 516.[1] In that case it was held that the issues of subsequent negligence and wantonness were for the jury. On the authority of the holding in Tyler v. Drennen, supra, we hold that Charges 27 and 28 were not bad on the ground that they pretermitted a consideration of the issues of subsequent negligence and wantonness. The giving

of said charges was not reversible error because they call for a verdict for "defendant" instead of "defendants." Nelson v. Belcher Lumber Co., 232 Ala. 116, 166 So. 808.

■ There are several criticisms in brief of counsel for appellant of Charges numbered 38 and 39. Each of these will be noted. The first is that the charges are bad because they assume that intestate was chargeable with the contributory negligence of the driver of his car. Our treatment of Charge 34 above disposes of this contention. The second criticism is that the charges use the words "defendant" rather than "defendants." We have heretofore pointed out that this fact does not make the giving of the charges reversible error. Nelson v. Belcher Lumber Co., supra. The other criticism of Charges 38 and 39 is that they take from the jury a consideration of subsequent negligence. Under the pleadings in this case, the giving of these charges does not constitute reversible error. This question was dealt with at length in the recent case of Birmingham Electric Co. v. Carver, post, p. 471, 52 So. 2d 200.

■ We think that Charge 41 given at defendant's request might well have been refused without error on the ground that it is involved and confusing. But we do not think the giving of that charge could have been prejudicial to the plaintiff so as to work a reversal. Birmingham Belt R. Co. v. Hendrix, 215 Ala. 285, 110 So. 312; Nashville Broom & Supply Co. v. Alabama Broom & Mattress Co., 211 Ala. 192, 100 So. 132.

We have considered all assignments of error which have been sufficiently argued in brief and, finding no error calling for a reversal, we must affirm the judgment below.

Affirmed.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.