171 So.2d 842

**Frederick D. GUNTHORPE, Jr., et al.,**

**v.**

**STATE of Alabama.**

**1 Div. 223.**

Supreme Court of Alabama.

Jan. 21, 1965.

Rehearing Denied Feb. 25, 1965.

Bert S. Nettles, Johnston, Johnston & Nettles, Mobile, for appellants.

Harry D. Hardy, Sp. Asst. Atty. Gen., for appellee.

MERRILL, Justice.

This is an appeal by landowners from a verdict and judgment in a condemnation case for highway purposes and from the order overruling the motion for a new trial. The appellant was awarded $15,000 by the commissioners in Probate Court and the State appealed to Circuit Court where the verdict was $12,500.

The argued assignments of error raise two questions, one, that the court erred in giving requested written charge 7 for the State; and two, the admission of evidence relating to sales of comparable lands.

Charge 7, given at the request of the State, reads:

"I charge you, Gentlemen of the Jury, that the burden is on the Respondent property owners to prove, by a fair preponderance of all the evidence in this case, any damages to the remaining property that they claim to have sustained. If, after considering all the evidence in this case you should find that any evidence on the question of damages to the remaining property is evenly balanced, you should answer such question against the Respondent property owners because they have the burden on this issue."

Appellants contend that each of the sentences in the charge is erroneous and that the giving of one or both constituted reversible error. They argue that the first sentence is bad because it is a "preponderance of the evidence" charge. Such charges may be refused without error, but it is not reversible error to give them. In Nelson v. Belcher Lumber Co., 232 Ala. 116, 166 So. 808, this court said:

"Charges defining the measure of proof required of him who carries the burden to be such as 'reasonably satisfies the jury by a preponderance of the evidence,' instead of the usual statement 'reasonably satisfies the jury by the evidence,' may be given without error. The rule has been long declared that such charges may be refused because of some tendency to mislead, but they have no such fault as will render it erroneous to give them. Wilson Bros. v. Mobile & O. R. Co., 208 Ala. 581, 94 So. 721; Green v. Southern States Lumber Co., 163 Ala. 511, 50 So. 917."

The charge given in the Green case, supra, was: "G. I charge you that the burden of proof in this case is on the plaintiff, and, unless you are reasonably satisfied from the evidence by a preponderance of the evidence that the plaintiff is entitled to recover, your verdict must be for the plaintiff;" and this was held to be a proper charge.

Appellants further contend that the second sentence in the charge is erroneous because of the "evenly balanced" test im-

posed. That contention is answered in Wilson Bros. v. Mobile & O. R. Co., 208 Ala. 581, 94 So. 721, where the following charge was given at the request of the defendant: "F. The court charges the jury that the burden is upon the plaintiff to make out his case, by a preponderance of the testimony, and, where the testimony is equally balanced, then it is your duty to find for the defendant, for in that case the plaintiff has failed to carry the burden which the law places upon him."

This court said:

"Charge F, given for the defendant, was merely an instruction as to the burden of proof, and the giving of same was not reversible error. True, it uses the word 'preponderance,' which might have justified its refusal; but the giving of same was not error to reverse. Green v. [Southern · States] ·Lumber Co., 163 Ala. [511] 516, 50 South. 917, and cases there cited; Mayfield's Dig. p. 142. In the case of L. & N. R. v. Cheatwood, 14 Ala.App. 175, 68 South. 720, cited by counsel, the Court of Appeals simply justified a refusal of charge 18, but did not hold that the giving of same or the one under consideration would be reversible error."

We apply similar reasoning to the case cited by appellants, Jones v. Mullin, 251 Ala. 501, 38 So.2d 281. While the court pointed out that it was not the law that the issues had to be proved by a preponderance of the evidence, there were other points which constituted reversible error and we do not think the court meant to say that the giving of such a charge constituted reversible error.

Speaking of a similar charge in McCaa v. Thomas, 207 Ala. 211, 92 So. 414, we said, that if "the charge was thought to be misleading, explanatory charges might have been requested," under the rule that if a ·charge is deemed misleading, an explanatory charge should be requested, and the giving of a misleading charge does not necessitate a reversal. Russell v. Relax-A-Cizor Sales, Inc., 274 Ala. 244, 147 So.2d 279, and cases there cited.

■ We think Charge 7 could have been refused without error, but the giving of it was not error to reverse.

■ Assignments of error 5 and 6 charge that the court erred in admitting evidence over appellants' objections as to other alleged comparable sales of property "without first offering proof that such sales were not sales made by other property owners whose property was subject to condemnation." One of the State's witnesses, appraiser Bates, testified that three of the methods he used in appraising the value of the property were the Cost Approach, the Income Approach and the Market Approach. In explaining the Market Approach Method, he testified that he examined sales in the neighborhood which he felt would reflect the value of the property subject to condemnation. The objection made the basis of the assignments of error occurred during the direct examination of the witness Bates:

"Q What was the first sale, Mr. Bates, that you considered in your appraisal?

"A The first sale was 962 South Lawrence Street.

"Q Who was the seller?

"A Craig Dillard.

"Q Who did he sell to?

"A Curtis Patton.

"Q Now, when did this sale take place?

"A January 9, 1961.

"MR. NETTLES: Your Honor, we object to any other reference to this sale.

"THE COURT: On what grounds?

"MR. NETTLES: On the grounds that the State has not shown that it was not in the nature of a forced sale under threat of condemnation.

"THE COURT: I overrule your objection.

"MR. NETTLES: We except, Your Honor, and I would like to cite as authority, State v. Boyd, 271 Ala. 584, 126 So.2d 225.

"THE COURT: Overrule the objection.

"MR. NETTLES: We except."

We held in State v. Boyd, supra, that evidence of the price paid in a sale of another tract of land of substantially the same kind and quality, in the same locality, at a time not too remote, is admissible, provided the sale meets the concept of fair market value and is not a forced sale or a "wash sale" but, on the contrary, is a voluntary sale; and that evidence of what a condemnor has paid for other property subject to condemnation is incompetent and inadmissible.

But the Boyd case is not applicable here for at least two reasons. First, the witness did not testify what price had been paid by Patton to Dillard; he merely testified that this was one of the sales he had investigated in arriving at the fair price of the condemned property by the Market Approach Method. Secondly, the evidence clearly shows that the sale was not made to the condemnor but to a person named Patton. The court did not err in overruling the objection to the question.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.