The plaintiffs in this case were involved in an automobile accident with the defendants and brought separate lawsuits for the resulting damages. The suits were consolidated and tried by jury with judgment being rendered for the defendants. Plaintiffs now appeal and present two issues for our consideration. These issues are: Did the trial court's admission and subsequent withdrawal of evidence concerning certain blood-alcohol content tests unduly prejudice the plaintiffs' case? Did the trial court err in refusing to give certain jury instructions which were submitted by the plaintiffs on the issue of contributory negligence?
The pertinent facts are as follows. The plaintiffs' automobile, driven by Billy Joe Hill with Rebecca Frost Hill, Johnny Burnett *Page 24 
and Anthony McCary as passengers, was struck by the automobile of the defendants which was driven by Deputy Sheriff Jim Martin, who, at the time of the accident, was involved in a high speed chase of a third party. There was conflicting testimony as to whether the plaintiffs had run a stop sign at the intersection where the accident took place.
 I
Shortly after the accident, the county coroner arrived and, after pronouncing Billy Joe Hill and Rebecca Hill dead, withdrew a blood sample from Billy Joe Hill. The blood sample was subsequently submitted to the Department of Forensic Sciences of the State of Alabama and an alcohol content analysis was conducted. The results of the analysis showed an alcohol content in the blood of Billy Joe Hill of .10 percent.
At trial, the defendant, over plaintiffs' objection, was allowed to place into evidence the results of this blood alcohol content test. At the close of the trial, however, the court decided the evidence of this test was inadmissible and made the following admonishment to the jury:
 Now, this morning on certain motions the Court has excluded certain evidence, and I want you to listen very carefully about what I am about to say, because there is certain evidence that I am not going to allow to go to you for your consideration.
 Now, this evidence, ladies and gentlemen, is pertaining to evidence that was given you during the course and conduct of the trial, and was a blood sample that was withdrawn by Doyle Cahela on Billy Joe Hill, the driver of the automobile in question; the objection being made by Plaintiffs' Counsel.
 The Court this morning has ruled that the Defendants have failed to show that their evidence, concerning the blood sample taken from the driver of the automobile, Billy Joe Hill, by Doyle Cahela, is legal, which means I am not going to allow the evidence to go to you, the Jury.
 Now, you have heard certain testimony regarding this evidence, and of course the attorneys for either side have presented evidence regarding these matters, and I charge you as a matter of law you cannot consider any evidence, with respect to the blood sample of Billy Joe Hill and Jim Martin, as to be considered by you, the Jury, in this matter as being pertinent evidence in the case, and you are not to consider it.
 Also, I charge you that the testimony of the Toxicologist, Laura Shevlin, concerning the blood samples that was testified to in the deposition that was presented by Defense Counsel and read in court, that you are not to consider that as being evidence; it's just not for your consideration. You must put it out of your minds, because it's illegal, and you cannot base a decision on anything you heard regarding that part of the evidence that was presented to you.
 You must do everything you can to erase it from your minds; just forget about it and not consider it as though it had never been given to you in the case. It is not to be considered as evidence, and you are just not to base your decision on it. If you based your decision on anything you considered concerning it, I would by law have to set it aside. So you can see the rationale that I am talking about; you are just not to consider it as being evidence in the case.
The plaintiff contends, however, that this instruction by the trial judge was not sufficient to cure the harm which the evidence of the blood alcohol content test had on his case. In brief, counsel for plaintiffs argues:
 A review of the instant case and the circumstances surrounding the illegal evidence, shows a reversal to be warranted. After the objection to the testimony of the State Toxicologist was overruled, the portion of her deposition regarding the blood sample of Billy Joe Hill was read in full to the jury. Furthermore, the legal presumption surrounding a finding of .10% alcohol was raised in the questioning of John H. Kilbourn, another toxicologist from the State of Alabama. Nothing *Page 25 
can be more detrimental to an automobile plaintiff's case than evidence that the driver of the automobile was intoxicated or under the influence of alcohol at the time of the accident. Evidence of Billy Joe Hill's intoxication was illegally admitted and was allowed to pray [sic] upon the jury's decision for several days. Only at the end of the trial immediately before the jury received its instructions, was the effect of this testimony attempted to be withdrawn. Regardless of the nature of the court's instruction, the prejudicial and detrimental effect of Billy Joe Hill's intoxication could not be eliminated from the jury's consideration.
Plaintiffs' contention is not well taken. It is inherent and unavoidable in our trial system that certain evidence must be heard and considered in its entirety before the court can render judgment on its admissibility. This was one such instance. In view of the trial judge's curative instruction, we need not determine whether this evidence was, in fact, admissible, under the provisions of Code 1975, § 32-5-193, or under general evidence principles regarding the admissibility of scientific test results. See McGough v. Slaughter,395 So.2d 972 (Ala. 1981).
Whether the evidence was admissible or not, the general rule applicable in this area is that if evidence is admitted, but later deemed improper and excluded, the error is cured so long as the jury is instructed clearly and explicitly to disregard the evidence. Jordan v. State, 79 Ala. 9 (1885). We deem the instruction given by the court here to be of sufficient clarity and explicitness for the jury to disregard the evidence.
Additionally, the evidence and testimony of the blood alcohol content test were not the only evidence presented at trial concerning the possible intoxication of Billy Joe Hill. Several witnesses who arrived at the scene of the accident shortly after it occurred testified to the strong smell of alcohol in and around the plaintiffs' automobile. Among these was a member of the emergency rescue squad who testified to the strong smell of alcohol when he checked Billy Joe Hill's vital signs. Even had the evidence of blood alcohol content analysis been kept completely from the jury, there would still have been evidence to infer that Billy Joe Hill was under the influence of alcohol at the time of the accident. In light of this fact, whatever error arose out of the blood alcohol content analysis having been presented to the jury and then withdrawn, was harmless. Rule 45, A.R.A.P.
 II
Plaintiffs' other contention concerns the trial court's refusal to give certain jury instructions which each plaintiff respectively submitted on the issue of contributory negligence and its effect on each individual plaintiff's right to receive a favorable verdict. Plaintiffs assert that the court's instruction in this regard lumped together their respective rights and did not sufficiently explain to the jury the law relating to the contributory negligence of a driver and the imputation of that negligence, if any, to the passengers of the same automobile.
Had plaintiff properly presented the question, this contention of the plaintiff very well might have had merit.
The instructions which the plaintiffs submitted on this issue are:
 2. I charge you, Ladies and Gentlemen of the Jury, that contributory negligence, if any, of a husband driving an automobile in which the wife is riding as a passenger does not bar the wife's right to recover against a third party if the wife is otherwise entitled to recover. (APJI 28.09)
 3. I charge you, Ladies and Gentlemen of the Jury, that the negligence, if any, of a driver in driving an automobile in which the owner of the automobile is riding does not bar the owner's right to recover against a third party if the evidence satisfactorily shows an absence of control over the operation of the automobile by the owner, and, if the owner is otherwise entitled to recover. (Brown v. Southeastern Greyhound Lines, 255 Ala. 308, 51 So.2d 524 (1951). *Page 26 
 4. I charge you, Ladies and Gentlemen of the Jury, that the negligence, if any, of a driver of an automobile in which other persons are riding as passengers does not bar the passengers' right to recover against a third party if the passengers are otherwise entitled to recover.
After refusing these instructions, the court instructed the jury, in pertinent part, as follows:
 Now, again, I don't want you to take lightly the fact that we have consolidated four separate cases here for trial. This is a means of convenience to all the parties and to the Court, because you can understand, if we had to try these four cases separately you could anticipate that each one of them would have taken as long as the four have taken together. So you can realize the expense and the time and the effort that would go into it. There is really no reason why the cases should not be tried together, but at the same time I want you to insure that you give your separate attention to each individual case and say what that case means to you by your verdict. In other words, you are not to lump them all together and come up with a total pot, so to speak. You would examine each case submitted to you with a view toward doing what should be done in that individual case.
* * * * * *
 Now, to these four cases, separately and severally as they have been filed, the Defendants enter their plea with reference to the claim by Johnny Burnett, Jr., and says that they are not guilty. Now, included within that not guilty plea, carries with it the plea of contributory negligence. Now, I will come back to contributory negligence in a few minutes, but briefly stated a plea of contributory negligence is simply a statement by the Defendant: "I may have been guilty of some conduct which gives you a right to recover against me at the time and place complained of, but you also," and when I say "you also," we are talking about Johnny Burnett, Jr., "were guilty of some conduct which proximately contributed to the accident and your own injuries."
* * * * * *
 Now, with reference to the claim by the Administrator Robert Crosslin, in the estate of Rebecca Frost Hill, that theory under the wrongful death statute for the State of Alabama, is simply a negligent [sic] count, but we don't get into the question about contributory negligence at all.
 Now, on the claim of Anthony McCary, again this is brought on two legal theories; the first one being simple negligence, and the second one being the theory of wanton conduct. Again, the plea of contributory negligence entered by the Defendant would also apply in this case. That is, if you found that at the time and place complained of Jim Martin acted in a negligent manner and, as the proximate consequence of his negligence he caused his car to collide with the car in which Anthony McCary was riding in, then you must turn your attention to whether or not at the time and place complained of there was any contributory negligence on the part of Anthony McCary. Again, contributory negligence on the part of the Claimant would be a bar against his recovery, provided the jury found that his contributory negligence contributed in some way to the accident and to any injuries that he received.
* * * * * *
 Now, in addition to the plea of not guilty, or included within the plea of not guilty, is a plea entered by the Defendant of contributory negligence. Now, what that means is, if after consideration of all the evidence in this case you find that at the time and place complained of that Jim Martin acting as a police officer on behalf of Lawrence County acted in a negligent manner, then the law would say that you have made out a prima facie case of negligence against him, and at that time you would have to consider his plea of contributory negligence. Now, what the plea of contributory negligence is, it simply goes back and it says on *Page 27 
behalf of the Defendant, Martin, I may have been guilty of negligence which proximately caused this accident and the wreck, but you, talking about the driver of the vehicle, at the time and place complained of, were also guilty of some negligence which proximately contributed to the accident and the injuries that you received.
 Now, again, if the jury found that to be the case, then they could not make an award in that situation based on the theory of simple negligence, because it is the law in the State of Alabama that at the same time that if a person is guilty of contributory negligence, then he cannot be heard to recover [sic]. However, that is where another issue comes in on the question of wanton conduct. If you found at the time and place complained of that the Defendant acted in a wanton manner, even though you may find that the Plaintiffs were also guilty of contributory negligence, but in that event contributory negligence is not a defense to a plea of contributory [sic] negligence; it wouldn't make any difference. So the main thing you need to consider here is that the burden of proof requires that the people who bring the lawsuit, brings the affirmative offense must also bring to you evidence which reasonably satisfied you of what they say. That is, they got a right to recover. On the plea of contributory negligence you got to find that the Defendants bring the evidence which shows that the Plaintiffs at the time and place complained of were guilty of contributory negligence. I don't know any other way to say it other than that.
* * * * * *
 Okay. Now, on the question of the Rules of the Road, the Rules of the Road that I read to you which you may consider again if you recall that they applied in the case, they apply not only to the Defendant, but they apply to the Plaintiffs as well. If you found that there was any violation of the Rules of the Road, which proximately contributed to this accident and any injuries that you found, you would have to apply that law in the case. And of course the only instance that it would apply to the Plaintiffs would be on the question of contributory negligence. In other words, you would only consider it in the light of the Plaintiffs, whether or not they themselves did anything which proximately caused this wreck, and any injuries that grew out of the wreck.
Because of the consolidation, the instructions requested by the plaintiff could have offered some clarity, especially in view of the fact that the cases were consolidated for trial; however, we refuse to reverse on this basis, because we determine that the issue was not properly preserved for our review.
At the conclusion of the court's instruction, the plaintiffs offered the following general objection:
 MR. BAXLEY: Judge, we would just like to enter into the record that we except to the Court's failure to give the charge having to do with contributory negligence, Charges Two, Three and Four. We would except to the failure of giving those written charges, Two, Three and Four.
Rule 51, A.R.C.P. states:
 No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. [Emphasis added.]
In the case of Gardner v. Dorsey, 331 So.2d 634, 637 (1976), this Court opined the following with regard to Rule 51:
 Specificity has been regarded as extremely important by federal cases interpreting FRCP 51. Most cases draw a distinction between objections which recite portions of instructions and those which simply refer to instructions by number. An example is Delancey v. Moticheck Towing Service, Inc., 427 F.2d 897 (5th Cir. 1970). There, an objection in *Page 28 
the form, `In regard to defendant's submitted special charges 5 and 6 we would like to object to the court having given those charges', was held insufficient to preserve error, while an objection specifically pointing out the `failure of the court to instruct, or define the term "wilful misconduct"' was within Rule 51, even though no grounds were stated.
After adopting this position, the Court went on to qualify this adoption by saying:
 This is not to say that the practice of specifically reciting objectionable portions of a charge will normally relieve a party from stating grounds for objection. . . . .
Gardner v. Dorsey, supra, p. 637.
The general rule thus established by Rule 51 which is subject to only limited exceptions is that not only must an objection to the trial court's refusal to give an instruction be made, but the objection must be made specifically and must be supported by grounds in order for review to be had in the appellate court. Lankford v. Redwing Carriers, Inc.,344 So.2d 515 (Ala.Civ.App. 1977), cert. den. 344 So.2d 522 (Ala. 1977).
The objection made by counsel for each plaintiff in this case was not sufficiently specific; no grounds for the objection were offered; nor is this case one in which the general rule established by Rule 51 should be avoided.
The plaintiff sets forth the following argument in his appellate brief:
 The requested charges become more important in light of the consolidation of the cases. The cases which were consolidated involved the claims of each passenger in the automobile driven by Billy Joe Hill. The respective rights of each occupant as they are affected by the law of contributory negligence was never mentioned in the court's charge to the jury. Rather, the court's charge lumped the respective plaintiffs together and confused the issues of contributory negligence of the driver as opposed to the contributory negligence of the passengers.
The problem with this argument is that it should have first been offered at trial.
As plaintiffs correctly point out, because of the consolidation of the cases, the principles of law relating to the contributory negligence of the driver, and the imputation of that negligence to the passengers, were important, and had plaintiffs specifically pointed out to the trial judge what they now point out on appeal, we would probably be persuaded that they were entitled to a new trial, but those are not the facts. Cf. State of Alabama v. Idelle Burton, 403 So.2d 912
(Ala. 1981).
Under the facts of this case, we apply the requirements of Rule 51 and conclude that no prejudicial error was shown.
The judgments are due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.