STEAGALL, Justice.
Daryl Wayne Clements sued Colonial Baking Company (“Colonial”) and Alabama Power Company (“Alabama Power”) on March 17, 1986, alleging that negligence and wantonness on their part caused injuries he sustained while working on a billboard on Colonial’s premises. Specifically, he alleged that the sign was electrically charged and that it shocked him, causing him to fall to the ground. The trial court entered summary judgment for Colonial on the wantonness count and in regard to all issues related to the negligence count, except for Colonial’s alleged failure to turn off the power supply to the sign after an alleged request to do so.[1] This Court dismissed Clements’s original appeal from that summary judgment because it was not final. See Rule 54(b), A.R.Civ.P. The case went to trial on the remaining negligence issue, and the jury returned a verdict for Colonial. The court entered judgment in accordance with that verdict. On this appeal the plaintiff challenges the summary judgment in Colonial’s favor on the other two negligence theories — Colonial’s alleged negligent failure to warn him of an alleged latent defect and its alleged failure to inspect the billboard — and he also claims error in the trial court’s refusal to give two requested jury charges.
Colonial contracted with Warr Sign Company to paint a billboard located on Colonial’s property. On the'day of Clements’s accident, he and another Warr employee, Earl Rhodes, accompanied Charles Warr, the owner of the sign company, to Colonial. According to Clements, while he and the other two men were discussing the job, an unknown and unidentified man approached them from the direction of the Colonial plant; Clements now claims that that person was a Colonial employee. After discussing the work to be done, Warr supposedly asked this “employee” to be certain the electricity was cut off before the men began working on the sign, and the “employee” supposedly agreed to do so.
Clements testified in his deposition that he and Rhodes had touched the sign several times that morning and had been in constant contact with it without experiencing any shock; however, Clements claims that at some point during their work, he reached over with his left hand to remove a fleck of paint, was shocked, and fell.
Although Clements submitted several depositions in opposition to Colonial’s motion for summary judgment, he presented no evidence of the alleged latent defect which supposedly charged the sign. The most any expert testimony amounted to on the causation issue was speculation regarding one possible cause among many.
Hal Sanders, a consulting engineer in Atlanta, stated in his deposition that there were several ways in which the sign could have become electrically charged, all of them possibilities. One of those possibilities was that a junction box located in the ground, near the sign, might have become “contaminated” either by moisture from precipitation or by fertilizer, through surface drainage. When asked what the most likely of the several possibilities was, Sanders responded:
“A. I’m saying that it [the junction box] probably caused it. That’s — That *860 would be the most likely or probable cause of the accident.
“Q. Okay. But you’re not saying that that definitely is the cause?
“A. Not definitely, no.”
(Emphasis added.)
Without the necessary evidence of proximate cause, Clements’s failure-to-inspect theory fails. “Proof of an accident and injury alone is ... generally insufficient to establish negligence.” Thompson v. Lee, 439 So.2d 113, 115 (Ala.1983) (citation omitted). And, “Where the evidence does not rise to the degree of affording any reasonable inferences as to a defendant’s negligence, the factfinder may not indulge in speculation as to mere possibilities.” Ex parte Travis, 414 So.2d 956, 961 (Ala.1982).
Clements’s failure-to-warn theory likewise fails. Here, because there is no evidence of the precise cause of Clements’s injury, there is no evidence of what Colonial had a duty to warn Clements about. Assuming, arguendo, that the sign was indeed electrically charged due to a malfunction in the junction box, there is still no evidence that Colonial had notice or knowledge of it. We have long held that landowners are not insurers of the safety of their business invitees. “A landowner’s duty to warn arises only if the danger is known [to the landowner] ... and unknown to the invitees.” Bush v. Alabama Power Co., 457 So.2d 350, 355 (Ala.1984).
Clements’s other argument on appeal deals with two jury charges that the trial court refused to give. Although Clements objected to the court’s refusal, he did not allege sufficiently specific grounds to preserve the error, if any, for review on appeal. “[N]ot only must an objection to the trial court’s refusal to give an instruction be made, but the objection must be made specifically and must be supported by grounds in order for review to be had in the appellate court.” Burnett v. Martin, 405 So.2d 23, 28 (Ala.1981) (citation omitted). See Rule 51, A.R.Civ.P.
Although Colonial filed a cross-appeal, arguing that the trial court erred in denying summary judgment as to its alleged failure to turn off the power supply, our resolution of the other issues precludes addressing that cross-appeal.
Consequently, the trial court’s final judgment is affirmed, both as to that portion based on the jury verdict and as to the earlier summary judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.

. Summary judgment was simultaneously granted for Alabama Power on all counts; however, that summary judgment is not the subject of this appeal.