(111 So. 237)

## REED v. L. HAMMEL DRY GOODS CO.
### (1 Div. 424.)

(Supreme Court of Alabama.   Jan. 20, 1927.)

**1. Master and servant ☞329—Complaint by customer tripping over scales, failing to allege employees in store, charged with negligence, acted within scope of employment, held defective.**

In action for injuries from tripping over scales, count of complaint failing to allege that defendant's agents, servants, or employees, charged with negligence, were acting within scope of their employment, *held* defective.

**2. Negligence ☞44—Storekeeper is under duty to customers to exercise reasonable care in keeping passways in safe condition.**

Keeper of public store is under duty to customers, as invitees, to exercise reasonable care to keep passways therein in such condition as to be safe to persons exercising ordinary care while using passways.

**3. Negligence ☞108(1) — Complaint alleging facts from which duty arises and charging negligence in general terms is sufficient.**

When complaint alleges facts from which duty arises which storekeeper owes customers to exercise reasonable care in keeping aisles safe to persons using ordinary care, it is sufficient to charge negligence in general terms.

**4. Negligence ☞111(1)—Complaint for customer's injuries from tripping over scales held to sufficiently charge negligence in allowing obstruction in passways of store.**

In action for injuries from tripping over scales located in store, use of term "negligently" in complaint *held* to impart breach of duty in maintaining obstruction in such manner as reasonably prudent and careful man would anticipate injuries to others; so negligence in allowing obstruction in passways of store was sufficiently charged.

**5. Appeal and error ☞1040(16) — Erroneous rulings on complaint held harmless, where charge on amended count gave plaintiff all benefits to be derived from proper charge on rejected counts.**

In action for injuries from tripping over scales, erroneous rulings on complaint *held* harmless, charge given on amended count presenting all facts in evidence and giving plaintiff all benefit to be derived from proper charge upon rejected counts in pleadings.

**6. Appeal and error ☞1056(4)—Error in rejection of evidence going to extent of injury and damages will not work reversal, where finding absolves defendant of liability.**

Error in rejection of evidence, going merely to extent of injury and damages, will not work reversal, where finding absolves defendant of all liability for injury.

**7. Appeal and error ☞1056(4)—In action for injuries, rejection of evidence of complaints of pain held not to warrant reversal, where finding absolves defendant of liability.**

In action for injuries from tripping over scales, rejection of evidence of plaintiff's complaints of pain to examining physician *held* not to warrant reversal, where finding absolves defendant of all liability.

**8. Negligence ☞125—Evidence of similar accidents is admissible where same conditions are shown.**

In action for injuries from negligence, when no question of knowledge of prior accident, or of intent to be inferred therefrom, is involved, for evidence showing occurrence of similar accidents to be admissible, conditions must be shown to have been same as at time of occurrence of accident involved.

**9. Negligence ☞125 — Evidence that another tripped over scales held inadmissible.**

In action for injuries from tripping over scales located in aisle of store, evidence that old man stumbled on scales year before *held* inadmissible, conditions not being shown to have been the same as when plaintiff tripped over scales, and such evidence being too remote to show whether obstruction was so maintained as to cause reasonably prudent store management to anticipate that persons could be injured by stumbling over such obstruction.

**10. Negligence ☞67 — Customer using store aisles must use ordinary care in observing obstructions.**

Person using aisles of public store for purpose of walking to place where bills were paid is required to use ordinary care in observing change of directions of aisles or passageways, obstruction therein, and points of turning in such passageway, no recovery being allowed in case failure to so observe was proximate cause of injury.

**11. Negligence ☞138(1)—Use of terms "ordinary care" and "reasonable care" conjunctively in instructions held not error.**

In action for injuries from tripping over scales located in store aisle, use of "reasonable care" and "ordinary care" conjunctively in instructions given *held* not error, such words when applied to evidence carrying substantially same meaning.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ordinary Care; Reasonable Care.]

**12. Trial ☞256(10)—Plaintiff to action for personal injuries, deeming use of "reasonable care" and "ordinary care" conjunctively in instructions misleading, should have requested explanatory charge.**

In action for injuries from tripping over scales in store aisle, plaintiff, considering use of "ordinary care" and "reasonable care" conjunctively in instructions misleading, *held* required to request explanatory charge if he should conceive more accurate statement to be given.

**13. Appeal and error ☞1046(1)—In action for injuries from tripping over scales, unauthorized view of locus in quo by juror while jury was considering verdict held harmless error.**

In action for injuries from tripping over weighing machine located in store, unauthorized view by juror of locus in quo during recess of court, while jury was considering verdict, *held*

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

harmless error; juror having discovered no new condition over that shown in photographs, and such juror having voted consistently for plaintiff.

**14. Appeal and error ☞706(4) — Reviewing court will not disturb denial of new trial for juror's misconduct, where bill of exceptions does not contain all evidence.**

In personal injury action, bill of exceptions failing to contain all evidence, reviewing court will not disturb trial court's denial of motion for new trial made on grounds of misconduct of juror viewing locus in quo during recess while jury was considering verdict.

**15. Trial ☞344—Jurors' affidavits touching deliberations in jury room may be offered to sustain, but not to impeach, verdict.**

Affidavits of jurors touching their deliberations inside jury room may be offered to sustain, but not to impeach, their verdict.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action for damages by Susie Reed against L. Hammel Dry Goods Company. From a judgment for defendant, plaintiff appeals. Affirmed.

These charges were given at defendant's request:

"11. The court charges the jury that the plaintiff in this case while proceeding along the aisle or passageway of defendant's store for the purpose of paying her bill was under the duty to exercise ordinary and reasonable care to observe any obstruction in said aisle and to observe or see any change in the course of said aisle or passageway.

"12. The court charges the jury that every person proceeding along the course plaintiff was proceeding for the purpose of paying his or her bill to the defendant is under duty to exercise ordinary or reasonable care to ascertain or observe the changes in direction of the aisles or passageways, the obstructions therein, and the points of turning in said aisles.

"13. The court charges the jury that all persons, including the plaintiff, that use the aisles in the defendant's store for the purpose of walking to the place where they pay their bills are under the duty to exercise ordinary and reasonable care to avoid and prevent stumbling over obstructions in said aisle or passageway, and such persons are under the duty to exercise ordinary and reasonable care to observe the change in directions of the aisles or passageways, the obstruction therein, and in this case if you are reasonably satisfied from the evidence that the plaintiff, at the time she was injured, was proceeding to a point in the defendant's store for the purpose of paying her said bill, and that she did not exercise reasonable and ordinary care to observe the weighing machine in said aisle or passageway, if you are reasonably satisfied from the evidence in the case that said weighing machine was obvious to a person using said aisle or passageway, and that her failure to exercise ordinary and reasonable care to observe said weighing machine proximately caused her to stumble or fall thereon, and injure her, then your verdict should be for the defendant."

Gordon & Edington, of Mobile, for appellant.

Where a duty is shown, a general form of averment is sufficient. Dwight Mfg. Co. v. Holmes, 198 Ala. 591, 73 So. 933; L. & N. v. Robinson, 213 Ala. 522, 105 So. 874; Demopolis Tel. Co. v. Hood, 212 Ala. 216, 102 So. 35; O'Brien v. Tatum, 84 Ala. 186, 4 So. 158. It was relevant to show that others had fallen over the scales. Birmingham Union R. Co. v. Alexander, 93 Ala. 133, 9 So. 525; Mayor, etc., v. Starr, 112 Ala. 98, 20 So. 424. Motion for new trial should have been granted for impropriety of a juror. Code 1923, § 9518; Peppercorn v. Black River Falls, 89 Wis. 38, 61 N. W. 79, 46 Am. St. Rep. 818; K. C. M. & B. v. Phillips, 98 Ala. 159, 13 So. 65; Taylor v. State, 18 Ala. App. 466, 93 So. 78. The affidavit of the juror should not have been received. McCormick v. Badham, 204 Ala. 9, 85 So. 401; Clay v. City Council, 102 Ala. 297, 14 So. 646. Charges 11, 12, and 13 given for defendant required too high a degree of care of plaintiff. O'Brien v. Tatum, supra; Southern R. Co. v. Bates, 194 Ala. 87, 69 So. 131, L. R. A. 1916A, 510; Hill Gro. Co. v. Hameker, 18 Ala. App. 84, 89 So. 850.

Smiths, Young & Johnston, of Mobile, for appellee.

Counts 1 and 2 were demurrable. B. R. L. & P. Co. v. Weathers, 164 Ala. 23, 51 So. 303; B. R. L. & P. Co. v. Jordan, 170 Ala. 535, 54 So. 280; Johnson v. B. R. L. & P. Co., 149 Ala. 529, 43 So. 33. But, if not, plaintiff had the benefit of them on count A. Supreme Court rule 45. Ruling of the court refusing to admit evidence as to elements of damage, if error, was without injury, as verdict was rendered for defendant. Wilson Bros. v. M. & O., 208 Ala. 581, 94 So. 721; Brothers v. Norris, 209 Ala. 426, 96 So. 328; Jefferson v. Republic I. & S. Co., 208 Ala. 143, 93 So. 890. In order for evidence that others stumbled over the scales to be admissible, the plaintiff must have shown similarity of conditions. Mayor & C. v. Starr, 112 Ala. 98, 20 So. 424; City of Birmingham v. McKinnon, 200 Ala. 111, 75 So. 487. Charges 11, 12, and 13, given for defendant, were accurate statements of law. O'Brien v. Tatum, 84 Ala. 186, 4 So. 158; Hill Gro. Co. v. Hameker, 18 Ala. App. 84, 89 So. 850; Hertz v. Advertizer Co., 201 Ala. 416, 78 So. 794, L. R. A. 1918F, 137. Where the bill of exceptions does not purport to contain all the evidence, the action of the trial court on motion for new trial will not be revised. Fuller v. Fair, 206 Ala. 654, 91 So. 591; Morrow v. Beck, 207 Ala. 339, 92 So. 449; Mooneyham v. Herring, 210 Ala. 168, 97 So. 638; Lamar v. King, 168 Ala. 285, 53 So. 279. Plaintiff must have shown prej-

---

udice by the alleged misconduct of the juror. Clay v. City of Montgomery, 102 Ala. 297, 14 So. 646; Leith v. State, 206 Ala. 439, 90 So. 687; L. & N. v. Sides, 129 Ala. 399, 29 So. 798. Affidavits of jurors are always admissible to support a verdict. B. R. L. & P. Co. v. Clemons, 142 Ala. 160, 37 So. 925; Leith v. State, supra; Clay v. Montgomery, supra.

BOULDIN, J. The suit is for personal injuries alleged to be the result of negligence of the defendant or its employees.

Defendant owned and operated a public retail store in the city of Mobile. The plaintiff was a customer. While passing through the store toward the cashier's office to pay her bill, she stumbled or tripped over the base of a weighing machine, penny in the slot weighing scales, and fell to the floor receiving some injuries.

[1] The first count of the complaint, to which demurrer was sustained, is defective in failing to allege that defendant's agents, servants, or employees, charged with the negligence, were acting within the scope of their employment.

The causal negligence charged in the second count is, "The defendant's agents, servants or employees while acting within the scope of their employment so negligently placed, allowed or suffered" the weighing machine "to protrude into the aisle or space in said store provided for customers" that plaintiff tripped or stumbled and fell. The count further shows plaintiff was at the time in the store for the purpose of paying her bill.

[2] The keeper of a public store is under duty to its customers, as invitees, to exercise reasonable care to keep the passways therein in a safe condition—meaning safe to persons in the exercise of ordinary care while using the passway. O'Brien v. Tatum, 84 Ala. 186, 4 So. 158; So. Ry. Co. v. Bates, 194 Ala. 78, 69 So. 131, L. R. A. 1916A, 510; Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794, L. R. A. 1918F, 137.

[3] When a complaint alleges the facts from which this duty arises, it is sufficient to charge the negligence, failure of duty, in general terms. Dwight Mfg. Co. v. Holmes, 198 Ala. 591, 73 So. 933; L. & N. R. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874; Demopolis Telephone Co. v. Hood, 212 Ala. 216, 102 So. 35.

[4] Under this rule count 2 sufficiently charges negligence in allowing an obstruction in the passway. The term "negligently" imports a breach of duty in maintaining the obstruction in that manner which a man of reasonable prudence and care would recognize as unsafe or dangerous to persons in the rightful use of the passway. Dangerous in this regard means that condition from which a reasonably careful man would anticipate injury to others.

Count 3, as amended, is in substance the same as count 2.

[5, 6] Count A, however, added by amendment, presents the same issue and is supported by the same evidence as counts 2 and 3 above. It merely charges expressly what the others do in general terms—that the weighing machine protruding into the aisle was a dangerous obstruction negligently allowed or maintained—and ascribes the injury broadly to negligent failure to use due care to keep the premises reasonably safe. Under this count all the facts were presented in evidence, and the charge of the court gave to plaintiff all the benefits to be derived from a proper charge upon the rejected counts. In such case error in rulings on the pleadings works no injury to the party and does not warrant a reversal. Error in the rejection of evidence going merely to the extent of injury and damages, where the record clearly shows a finding for the defendant because not liable for the injury, will not work a reversal. Wilson Bros. v. M. & O. R. R. Co., 208 Ala. 581, 94 So. 721; Brothers v. Norris, 209 Ala. 426, 96 So. 328.

[7, 8] For this cause rejection of the evidence of plaintiff's complaints of pain to her examining physician cannot avail on appeal. The happening of similar accidents due to the same conditions near the time of the one in question has been considered as affording evidence of negligence in cases relating to defects in public streets, obstruction to sidewalks, defective railroad crossings, and the like. Birmingham v. Starr, 112 Ala. 98, 20 So. 424; Birmingham Union Ry. Co. v. Alexander, 93 Ala. 133, 9 So. 525; Birmingham v. McKinnon, 200 Ala. 111, 75 So. 487; Southern Ry. Co. v. Lefan, 195 Ala. 295, 70 So. 249; Jefferson Dairy Co. v. Thomas, 214 Ala. 305, 107 So. 449; 1 Greenleaf on Ev. (16th Ed.) App. 11, § 53.

When no question of knowledge of prior accidents is involved, nor of intent to be inferred therefrom, the admissibility must turn upon whether the other accidents shed any substantial light upon the question of negligence vel non in the maintenance of the conditions under inquiry. Hence, to render the evidence proper, it is important to show the conditions were the same at the time other similar accidents occurred.

[9] It is in evidence that these scales were located in the same position at the time of plaintiff's accident, and at the time, as plaintiff sought to show, an old man stumbled over them about a year thereafter. But plaintiff's case is rested largely on evidence controverted by the defendant that at the time of her injury, the scales were obscured from view by bolts of cloth piled upon and projecting over the counter along the line of her approach and her point of turning into the cross-aisle where the scales were located. Whether the same obstructions to view, or no obstructions at all, or wholly dif-

ferent and more effective obstructions were present at the time the old man stumbled, was not shown.

It further appears the scales had been in the same position for some two years before the accident in suit. Assuming the conditions as to danger remained the same, it appears two years elapsed without injury to any one, and another year before the occurrence offered in the evidence. How many hundreds or thousands of persons had passed these scales does not appear. A collateral inquiry on this point, as well as to the contributory negligence of the old man, would divert the attention of the jury and consume time out of proportion to any probative force of the incident. We think the evidence too remote to shed light on the main inquiry, viz., was there an obstruction so maintained as to cause a reasonably prudent and careful management to anticipate that persons would stumble and receive injury? Want of ordinary care in the use of the passway need not be anticipated.

[10-12] Charges 11, 12, and 13 given for defendant correctly state the law as to "ordinary care" required of customers in using the passway. That "reasonable care" was also named conjunctively or alternately did not render them erroneous. As applied to the evidence, the two qualifying words carried substantially the same meaning. If plaintiff deemed them misleading and conceived a more accurate statement should be given, an explanatory charge should have been requested. Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794, L. R. A. 1918F, 137; O'Brien v. Tatum, 84 Ala. 186, 4 So. 158.

[13] The action of a juror in going by the store and viewing the locus in quo during the recess of the court, and while the jury was considering their verdict, is shown to have been without knowledge or suggestion of any party. While improper, no corrupt motive appears. It further appears the verdict was not influenced thereby; that the juror learned no new fact, but merely saw the same conditions already shown by photographs in evidence; that this juror and one other voted for plaintiff on a ballot theretofore, and cast the same ballot thereafter; that the other jurors were given no information except that he had seen the place. If any influence was exerted upon them, it would naturally have been in behalf of the plaintiff.

[14] While the bill of exceptions has a recital that it contains all the evidence, it affirmatively shows the photographs were introduced in evidence, and that interrogatories propounded to the defendant and answers were offered by the plaintiff. In the absence of this evidence, the ruling of the trial court in denying a motion for a new trial because of misconduct of the juror will not be overturned. Parties should not be penalized for the thoughtless conduct of a juror, unless under all the circumstances the ends of justice require it. Clay v. City of Montgomery, 102 Ala. 297, 14 So. 646; Ala. Power Co. v. Hall, 212 Ala. 638, 103 So. 867; Leith v. State, 206 Ala. 439, 90 So. 687; B. R. & E. Co. v. Mason, 144 Ala. 387, 39 So. 590, 6 Ann. Cas. 929; L. & N. R. R. Co. v. Sides, 129 Ala. 399, 29 So. 798.

[15] Affidavits of jurors touching their deliberations inside the jury room may be offered to sustain, but not to impeach, their verdict. B. L. & P. Co. v. Clemons, 142 Ala. 160, 37 So. 925; Clay v. Montgomery, 102 Ala. 297, 14 So. 646; B. L. & P. Co. v. Moore, 148 Ala. 115, 131, 42 So. 1024; Leith v. State, 206 Ala. 440, 90 So. 687.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.