178 So.2d 541

Thomas M. SEXTON, Pro Ami

v.

Jerol Johnny JOHNSON.

4 Div. 165.

Supreme Court of Alabama.

Sept. 9, 1965.

Rowe & Lane, Elba, for appellant.

Fleming & Stephens, Elba, for appellee.

GOODWYN, Justice.

Appeal by plaintiff from judgment rendered on a jury's verdict in favor of defendant, and also from judgment denying plaintiff's motion for a new trial.

Plaintiff, a minor suing by his next friend, was injured when an automobile driven by his mother, in which he was a passenger, collided with an automobile driven by the defendant.

Plaintiff's complaint consisted of two negligence counts and one wanton count. The defendant interposed a plea of the general issue. The case went to the jury on all three counts. There was a general verdict for defendant.

█ The first of the two issues presented is whether the court erred in excluding certain evidence relating to the medical expenses incurred by plaintiff's father, "said evidence being offered by appellant to show and prove the severity of injuries sustained by appellant." Aside from any other reason, a reversal cannot be based on such action, even if error, since the verdict was against plaintiff's right to recover at all. See: Supreme Court Rule 45, 261 Ala. XIX, XXXVII; Code 1940, Tit. 7, 1955 Cum. Pocket Part, p. 240; Recompiled Code 1958 (unofficial), Tit. 7, Appendix, p. 1182; Taylor v. Thompson, 271 Ala. 18, 22, 122

So.2d 277; Salvation Army v. Security Roofing Co., 255 Ala. 349, 352, 51 So.2d 513; Reed v. L. Hammel Dry Goods Co., 215 Ala. 494, 496, 111 So. 237; Wilson Bros. v. Mobile & O. R. Co., 208 Ala. 581, 582, 94 So. 721; Hamilton v. Cranford Mercantile Co., 201 Ala. 403, 407, 78 So. 401; Walker v. John Smith, T., 199 Ala. 514, 520, 74 So. 451; Pulliam v. Schimpf, 109 Ala. 179, 185, 19 So. 428. The principle is thus stated in the Reed case (215 Ala. at 496, 111 So. at 239), supra:

"* * * Error in the rejection of evidence going merely to the extent of injury and damages, where the record clearly shows a finding for the defendant because not liable for the injury, will not work a reversal. * * *"

The second contention is that the court erred in permitting counsel for defendant, in cross-examining plaintiff's witness, to ask questions inferring that the case had been tried before when in fact it had not been tried before, and "in failing to fully instruct the jury, on due exception and request for instructions to the jury by counsel for [plaintiff], of the fact that this case had not been tried before." Plaintiff refers to the following cross-examination of plaintiff's father:

"Q. Mr. Sexton, you testified in this case when it was tried before, didn't you?

"A. Yes sir.

"MR. ROWE: I object to the counsel saying 'when this case was tried before', and I ask that the Court instruct this Jury that this case hasn't been tried before; and I except to the counsel's statement, if the Court please, and ask for instructions.

"THE COURT: What do you want me to instruct them?

"MR. ROWE: This case hasn't been tried before, if the Court please.

"THE COURT: That is right. Get your record straight. It has not been tried before.

"Q. Mr. Sexton, I will ask you if you testified in Circuit Court, here in this courtroom, on April 26th, or 27th, 1962, in a case of Mrs. Sara L. Sexton, Plaintiff, against Jerol Johnny Johnson, Defendant?

\* \* \* \* \* \*

"A. Yes sir."

We see no merit in this second contention. The statement to which plaintiff takes exception was corrected by the court and by counsel for defendant in his next question. The question was for the purpose of laying a foundation for the intended impeachment of the witness.

No reversible error appearing, the judgments appealed from are due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.