This is a consolidated appeal by two defendants in two malicious prosecution cases which were consolidated for trial purposes with separate jury verdicts in favor of the plaintiff.
 SUMMARY JUDGMENT
The defendants each contend that the trial court erred in denying their separate motions for a summary judgment with supporting affidavits. The plaintiff made and filed opposing affidavits in each case indicating a factual dispute. The circuit judge overruled each motion. "A motion for summary judgment may be granted only when there is no genuine issue as to a material fact and the movant is entitled to judgment as a matter of law." (Citations omitted.) Imperial Group, Ltd. v.Lamar Corp., Ala., 347 So.2d 988, 989 (1977). The lower court did not err in overruling the motions for summary judgments.
 DIRECTED VERDICT MOTION AND SUFFICIENCY OF THE EVIDENCE
At the conclusion of the plaintiff's evidence, the trial judge overruled each defendant's motion for a directed verdict. The defendants then introduced much defensive evidence. The motions for directed verdicts were not renewed at the conclusion of all the evidence. No post judgment motion, such as a motion for a new trial, was filed. The defendants contend that the trial court erred in denying defendants' motions for directed verdicts and that the jury verdicts should be set aside because the evidence was insufficient.
In a case with the same procedural posture as this one, the Alabama Supreme Court has recently joined the Fifth Circuit in requiring that a timely post-trial motion for judgment notwithstanding the verdict is necessary to permit an appellate court to consider the sufficiency of the evidence. Great Atl. Pac. Tea Co. v. Sealy, Ala., *Page 847 374 So.2d 877 (1979). We follow that case law and pretermit these issues.
 VERDICTS CONTRARY TO THE GREAT PREPONDERANCE OF THE EVIDENCE
Since the trial court was never requested to rule upon the contention that the verdicts were contrary to the great preponderance of the evidence, this matter may not be considered by this court. Such issue is normally raised by a motion for a new trial under Rule 59, ARCP; but since no such motion was filed in this case, it is outside our authority to pass upon whether the verdicts were contrary to the great preponderance of the evidence. It is too late to make such contention for the first time upon appeal. 2 Ala. Digest Appealand Error Key 302 (6).
 ATTORNEY'S FEES
The defendants are correct in their statements of the law to the effect that, in malicious prosecution cases, attorney's fees normally may not be recovered unless they were specially pled as damages and that, in the absence of proof that such fees are reasonable, attorney's fees are not recoverable. However, no objection was made during the trial as to the admissibility of any such evidence, and the trial court was not requested in any manner to pass upon the adequacy of the evidence as to attorney's fees as this issue has been raised in this court. Accordingly, our hands are tied and the trial court cannot be placed in error as to these propositions.
This court much prefers to decide appeals upon their merits. It is most distasteful to base any decision upon procedural matters rather than upon the substance of the appeal. This is especially true and applicable in the case at bar, for most able counsel have earnestly and studiously filed excellent briefs on behalf of the defendants. However, we cannot ignore procedural requirements in order to place a trial judge in error for issues and matters neither advanced in, nor decided by, the trial court. These cases, consolidated on appeal, must be affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code of Alabama 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.