BRADLEY, Judge. ,
This is a malicious prosecution case.
On August 29, 1977 Douglas Wesson, a security guard for Kimberly-Clark Corporation who was working the night shift, saw a Chevrolet Blazer truck with the door open on the driver’s side as he patrolled the staff house area near the Kimberly-Clark golf course at Talladega. Wesson noticed that a man was stooped inside the vehicle rummaging around and that an Oldsmobile Cutlass was parked directly behind the Blazer. Wesson got out of his vehicle and approached the Blazer from a distance of fifteen to twenty feet. The man who had been stooped inside the Blazer also moved toward Wesson until they came within two to three feet of one another. At that time a brief conversation took place between them in which the man told Wesson that he had been waiting for another individual and that his wife had been ill. Wesson took out his walkie-talkie and radioed headquarters at Kimberly-Clark for help. Subsequently, the other man pulled a gun and told Wesson to “hold it.” The man from the Blazer took Wesson’s walkie-talkie and headed back to the Cutlass. He drove the car directly toward Wesson. Wesson threw a piece of pulpwood log at the car, striking the driver on the head. The man in the Cutlass drove toward Talladega with Wesson unsuccessfully giving chase.
Wesson reported the incident to his supervisor and the personnel department at Kimberly-Clark. On the next evening he saw Gill McKinney, who was also a Kim *792 berly-CIark employee, at work and recognized him as the man who had been involved in the incident at the staff house. Shortly after the Labor Day shutdown, Wesson looked through employment records and identified McKinney as the man who had been involved in the incident. Wesson signed arrest warrants charging McKinney with breaking into an automobile and unlawfully presenting a firearm.
McKinney, who had been on a ninety-day probationary status as a Kimberly-Clark employee, was fired. On November 14, 1977 the District Court of Talladega County found McKinney guilty on the pistol charge, and he appealed his conviction to the circuit court. He was later indicted by the grand jury on the charge of burglary of an automobile but was subsequently acquitted. Thereafter, the charge of unlawfully presenting a firearm was nol-prossed.
On January 24, 1980 Gill McKinney and his wife, Rhonda, filed a complaint against Wesson and Kimberly-Clark Corporation seeking damages for false imprisonment and malicious prosecution. Later the plaintiffs voluntarily struck the false imprisonment count. On November 30, 1981 at the beginning of the trial, the defendants filed a motion in limine and a motion to strike, seeking to exclude evidence that McKinney had lost his job at Kimberly-Clark as a result of the incident at the staff house. Both motions were granted. The defendants filed motions for directed verdicts at the close of the McKinneys’ case and at the close of all of the evidence. Both motions were overruled. On December 2, 1981 the jury assessed damages at one dollar each against Kimberly-Clark and Wesson. No post-trial motions were filed.
The plaintiffs have appealed to this court contending that the trial court erred in granting the motion in limine and the motion to strike which excluded evidence of McKinney’s firing at Kimberly-Clark. The defendants have cross-appealed, claiming that the trial court should have granted their motions for directed verdict.
Plaintiffs first argue that the court improperly excluded evidence of McKinney’s firing at Kimberly-Clark. Such evidence, they say, is relevant to the issue of damages in the malicious prosecution action. Defendants reply that McKinney’s employment was terminable at will and that he could be discharged for any reason; hence such evidence would not be relevant in the present action. They further argue that the plaintiffs have not properly preserved this issue for appeal.
The defendants say that since the McKinneys never tried to offer the evidence excluded by the motion in limine, they cannot now argue the issue on appeal. We disagree. In reviewing the record we note that the McKinneys not only took exception to the grant of the motion in limine, but they also asked Gill McKinney, during his testimony, when he worked for Kimberly-Clark. The defendants objected, and the objection was sustained. At that point the attorneys held a conference out of the hearing of the jury. The defendants’ attorney stated that the court had already granted a motion in limine to exclude such evidence and stated that the defendants would ask the court to take any necessary action if the McKinneys made further attempts to introduce evidence contrary to the court’s ruling. We believe that the McKinneys properly preserved this issue for appeal.
Defendants say, in answer to plaintiffs’ argument that the trial court improperly excluded evidence that Gill McKinney had been fired without cause, that one who is employed at will may be terminated at any time with or without cause. In Hinrichs v. Tranquilaire Hospital, 352 So.2d 1130 (Ala.1977), our supreme court said that an employee at will may be fired for “a good reason, a wrong reason, or no reason.” Moreover, it does not matter whether the discharge by the employer was malicious or done for other improper reasons. Comerford v. International Harvester Co., 235 Ala. 376, 178 So. 894 (1938). Thus, an employee at will is precluded from bringing an action for wrongful discharge against his former employer.
*793 In the instant case the record shows that Gill McKinney was employed on a ninety-day probationary status and that at the time of his firing he was still within this period. However, we do not believe that the rule of law enunciated in Hinrichs, supra, and Comerford, supra, is controlling in the case at bar. Both of those cases stand for the proposition that an employee may not bring a wrongful discharge action against a former employer for dismissal under a contract at will. In this case, we are not faced with a breach of a contract of employment, but rather a tort action based on a theory of malicious prosecution.
In Slovensky v. Birmingham News Co., 358 So.2d 474 (Ala.Civ.App.1978), we said that “the action arising from an employee’s wrongful discharge is in contract and not in tort, unless the discharge is accompanied by other wrongful conduct amounting to a tort or involved a breach of duty imposed by law.” (Citations omitted.) The fact that the McKinneys have based their claim on a malicious prosecution theory removes the action from the realm of contract in which an employee is prohibited from suing his employer for wrongful discharge and places it squarely in tort.
In a malicious prosecution action, “[t]he plaintiff may recover all compensatory damages caused by the malicious prosecution.” C. Gamble & D. Corley, Alabama Law of Damages § 36-39 (1982). The plaintiffs claim that evidence of Gill McKinney’s loss of employment at Kimberly-Clark was relevant to the issue of damages in the malicious prosecution action. Even though Gill McKinney would be prohibited from suing his employer for wrongful discharge, we agree that the loss of employment is an element of damages to be considered by the jury in a malicious prosecution suit. Although we have found no case in Alabama precisely on point, the law of other jurisdictions clearly indicates that loss of employment which is proximately caused by the malicious prosecution should be considered in assessing damages. See Koris v. Norfolk & W. Ry. Co., 30 Ill. App.3d 1055, 333 N.E.2d 217 (1975); Sonnichsen v. Streeter; 4 Conn.Cir.Ct. 659, 239 A.2d 63 (1967). Therefore, we hold that the motion in limine was improperly granted.
The McKinneys also contend that the trial court erred in granting the defendants’ motion to strike their claim for compensatory damages based on Gill McKinney’s loss of employment. Their argument is based on the contention that since the motion was not filed until the first day of trial, it was not timely filed under rule 12(f), Alabama Rules of Civil Procedure. Rule 12(f) requires that a motion to strike must be “made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 30 days after the service of the pleadings upon him.” However, the rule also allows the trial court to strike materials from the pleadings on its “own initiative at any time.” Even though the trial court had the power to strike allegations in the pleadings concerning Gill McKinney’s firing ex mero motu, we believe that in this case its action was improper. As we have already stated, loss of employment is relevant to the issue of damages in a malicious prosecution action; and for this reason, it was improper for the trial court to strike allegations concerning Gill McKinney’s firing at Kimberly-Clark. See Koris, supra; Sonniehsen, supra.
The defendants in their cross-appeal argue that the trial court should have granted their motion for directed verdict. The record shows that they failed to file a motion for j.n.o.v. or a motion for a new trial. In several recent cases our courts have held that an appellate court is precluded from reviewing the sufficiency of the evidence in the absence of a timely post-trial motion for j.n.o.v. Great Atlantic & Pacific Tea Co. v. Sealy, 374 So.2d 877 (Ala.1979); Deatherage v. Walker, 387 So.2d 845 (Ala.Civ.App.1980). As a result of defendants’ failure to file timely post-trial motions, this issue has not been preserved for review.
*794 For the foregoing reasons, we find that the trial court improperly granted the motion in limine and the motion to strike.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.