This is a products liability case. Plaintiff Arthur Hammond appeals from an adverse judgment.
In April of 1977, Hammond bought a lawn mower which was manufactured and distributed by McDonough Power Equipment, *Page 843 
Inc. In September of 1979, Hammond was injured when he fell from the mower. He contends this accident was due to a design defect in the lawn mower's gear system which caused its front end to jerk upward, throwing him onto the ground.
Hammond sued McDonough and the case proceeded to trial on 6 April 1982. The jury returned its verdict in favor of McDonough. Hammond appeals to this court to consider whether the trial court erred in giving certain instructions to the jury.
 I.
The first issue Hammond presents is whether the trial court committed reversible error by charging the jury that a change in the design of the gear system by appellee prior to the accident could not be considered by it on the issue of whether the product was defective. A review of the record reveals the trial court did not instruct the jury the change could not be considered. The essence of its charge was that the design change should not be considered as singularly determinative of the issue of defect in design or negligence.
Moreover, the record reveals Hammond did not properly object to the charge; he merely requested a further explanatory charge without stating grounds for objection. Rule 51, ARCP, provides, in part, as follows:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. . . ."
Because Hammond did not state the ground of his objection when it was initially raised and did not renew his objection after the explanatory charge was given, this issue was not properly raised on appeal.
 II.
Hammond further contends the trial court erred by charging the jury on the affirmative defenses of contributory negligence, assumption of risk, and the misuse of the product, when no scintilla of evidence was offered by appellee to support these allegations. The record reveals considerable evidence as to these issues. The tendency of the evidence is revealed by Hammond's testimony that, on the occasion of his fall, he shoved the gear lever on the mower forward to fourth or fifth gear rather than starting in first gear, despite his awareness of the manufacturer's instruction concerning operation of the mower to the contrary. Hammond also testified he became aware the front end of the mower would "raise" during operation within one week after he purchased it. Despite that fact, he continued to use the mower over the course of two years until the time of the incident giving rise to this suit. Because there was significant evidence of contributory negligence, misuse of the product, and assumption of risk, the trial judge correctly submitted these issues to the jury. SeeAtkins v. American Motors Corp., 335 So.2d 134 (Ala. 1976), andBeloit Corp. v. Harrell, 339 So.2d 992 (Ala. 1976).
 III.
Hammond last contends the trial court erred in charging the jury he could not recover for medical or doctor bills which have been paid by insurance and which the evidence does not show he is obligated to repay. This charge was given pursuant to § 6-5-522, Code 1975, which provides:
 "In all product liability actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiff's medical or hospital expenses have been or will be paid or reimbursed (1) by medical or hospital insurance or (2) pursuant to the medical and hospital payment provisions of law governing workmen's compensation, shall be admissible as competent evidence in mitigation of such medical or hospital expense damages. In such actions upon admission of evidence respecting reimbursement or payment of medical or hospital expenses, the plaintiff shall be entitled *Page 844 
to introduce evidence of the cost of obtaining reimbursement or payment of medical or hospital expenses. Such portion of the costs of obtaining reimbursement or payment of medical or hospital expenses as the trier of fact finds is reasonably related to the reimbursement or payment received or to be received by the plaintiff shall be a recoverable item of such damages for medical or hospital expenses."
The legislature made clear its intent in adopting this provision in § 6-5-520:
 "It is the intent of the legislature that plaintiffs be compensated fully for any medical or hospital expenses incurred as a result of injuries sustained from a breach of product liability laws, but that plaintiffs not receive compensation more than once for the same medical and hospital expenses."
Several of our state constitutional provisions, among others, Ala. Const. Art. I, §§ 1, 6, and 22, are relevant to our consideration of the legislature's abrogation of the collateral source rule as applied to products liability cases. However, Hammond presents no constitutional challenges to the statute, contending only that the trial court misconstrued its meaning. We disagree with that contention. In any event, even if the charge were erroneous, such error is without injury. The jury returned a verdict in favor of McDonough on the issue of liability, which is supported by the evidence. Sexton v.Johnson, 278 Ala. 384, 178 So.2d 541 (1965). Rule 45, ARAP.
For the reasons stated, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.