ADAMS, Justice.
We granted the petition for writ of cer-tiorari in this case to consider the following issue:
Did the circuit court err in granting the motion in limine which prevented plaintiff from introducing evidence of loss of wages as one element of damages in his malicious prosecution action?
The Court of Civil Appeals found error regarding this issue. After careful consideration, we affirm that court’s decision.
The facts of the case are set out in the opinion of the Court of Civil Appeals. We see no need to repeat them, but proceed directly to a discussion of the issue. The petitioners, Kimberly-Clark and Doug Wes *795 son, argue that they are protected from liability for damages resulting from the loss of Gill McKinney’s job because he was an employee at will, and, thus, could have his employment terminated at any time for any reason. They note that this means a good reason, a wrong reason, or no reason. See Martin v. Tapley, 360 So.2d 708 (Ala. 1978); Hinrichs v. Tranquilaire Hospital, 352 So.2d 1130 (Ala.1977). Petitioners argue that because Kimberly-Clark could terminate McKinney’s contract for any or no reason, the evidence of such termination is irrelevant in a malicious prosecution action in which Kimberly-Clark is a defendant.
The problem with this argument, as pointed out by the court below, is that this is not an action for wrongful termination of employment, but one for malicious prosecution. The jury found that the petitioners had maliciously prosecuted McKinney. Kimberly-Clark stipulated that Wesson had been acting as its agent in instituting criminal proceedings against McKinney. While it is clear from the cases referred to above, as well as numerous other Alabama cases, that Kimberly-Clark had a legal right to terminate McKinney’s employment, it had no such right to maliciously prosecute him through its agent.
We agree with the Court of Civil Appeals that loss of employment may be an element of damages in a malicious prosecution case. In addition to the authorities referred to by that court, we note that Prosser states the general rule that the plaintiff in a malicious prosecution case may recover “for any specific financial loss, such as the loss of present or prospective employment, which can be proved with reasonable certainty to have been caused by the prosecution, provided that it is regarded as a foreseeable, or normal, consequence of the criminal proceeding.” W. Prosser, Handbook of the Law of Torts § 119 (4th ed. 1971).
Although Alabama law gives an employer the legal right to maliciously terminate the employment of an employee at will, we decline to extend that right so as to allow the employer also to maliciously prosecute such an employee without being liable for all the elements of damages allowed in any other malicious prosecution case. Therefore, we hold that the plaintiff in a malicious prosecution case against the plaintiff’s employer should be allowed to introduce evidence that his or her loss of employment was caused by the malicious prosecution, and that it was a forseeable, normal or natural consequence thereof. Of course, the plaintiff must also prove the damages resulting from the termination.
For the foregoing reasons, we affirm the judgment of the Court of Civil Appeals, 449 So.2d 790.
AFFIRMED.
FAULKNER, JONES, SHORES and EM-BRY, JJ., concur.
TORBERT, C.J., concurs specially.
MADDOX, ALMON and BEATTY, JJ., dissent.