HOLMES, Judge.
The plaintiff sued the defendant for malicious prosecution. The defendant counterclaimed against the plaintiff for conversion. The jury returned a verdict for defendant on plaintiff’s malicious prosecution claim and in favor of defendant on his counterclaim and awarded damages of $2,400.
The plaintiff, through able counsel, appeals contending the trial court erred in certain evidentiary rulings and in refusing to give certain requested jury instructions. We find that the trial court did not err to reversal and affirm.
This court does not find it necessary nor prudent to set out in detail the facts. We will point out only those facts necessary to a resolution of plaintiff’s contentions.
I
During the examination in chief of the plaintiff the following occurred:
“Q. All right, Mr. Thomas, one thing I neglected to ask you yesterday with regard to your claim for damages in this lawsuit, what damages are you seeking in this lawsuit?
“MR. PIKE: Object, Your Honor.
“THE COURT: I sustain the objection to it.
“MR. HARRIS: Your Honor, I am offering to prove his general damages, not any special damages.
“THE WITNESS: Criminal.
“THE COURT: Just a minute, please. Don’t answer. I sustain the objection for reasons we have already discussed.
It is plaintiff’s position, that the trial court erred in sustaining the objection as indicated above. The plaintiff specifically states that the question should have been allowed to “prove his general damages.”
It is the law in Alabama that where the verdict and judgment absolve the defendant from liability as in the instant case, a reversal cannot be based on the sustaining of an objection to evidence which only goes to the extent of damage allegedly suffered by the plaintiff even if such action is error. Coker v. Ryder Truck Lines, 287 Ala. 150, 249 So.2d 810 (1971); Sexton v. Johnson, 278 Ala. 384, 178 So.2d 541 (1965); Taylor v. Thompson, 271 Ala. 18, 122 So.2d 277 (1960). Therefore, the action of the trial court in sustaining the objection in the case at bar cannot be made the basis for reversal. Hence, no error.
*954 II
The plaintiff next urges error, contending that the trial court allowed certain hearsay testimony.
We note that plaintiff cites to us -no authority in regard to this alleged error. See Rule 28(a)(5), A.R.A.P. Be that as it may, we find no error requiring reversal in the trial court’s actions.
The first testimony objected to as hearsay and urged as error was that of a building inspector. The building inspector testified to certain aspects of conversation he had with the plaintiff’s wife.
After a careful review of the entire record, this court fails to see how the testimony was prejudicial error requiring reversal. Rule 45, A.R.A.P. Put another way, without so finding, the trial court may have erred in allowing the objection to testimony but this court fails to see how the error complained of has injuriously affected the substantial right of the complaining party.
The second and final testimony objected to as hearsay was the testimony of a neighbor of the parties. The neighbor was asked, “Did you ever have occasion to have a conversation with Mrs. Thomas, who lives at 258 North Conception Street relative to allowing Mrs. Smith to come across your parking lot to make repairs to her home?” The question was objected to, the objection overruled and the witness answered, “Yes, sir.” This does not appear to be hearsay testimony. The witness merely testified that a conversation took place, not the contents of the conversation.
Even if it had been error to allow the question to be answered, any harm done would have been cured by later testimony on the same subject that was allowed into evidence without objection. Madison Highlands Development Co. v. Hall, 283 Ala. 333, 216 So.2d 724 (1968).
III
The plaintiff’s final argument is that the trial court erred in refusing to give certain requested charges.
The two requested instructions read:
“It is a complete defense to a cause of action for conversion if the facts show that the owner of property abandoned his property before another took possession of it or exercised dominion over it.”
“An owner of property who finds property left or placed thereon may in good faith, before giving it up, require reasonable proof of ownership from any person claiming it and such a request is not a conversion of the property claimed.”
Both of the instant charges merely state abstract propositions of law without instructing the jury on its effect upon issues in the case and such charges may be refused without error. Smith v. Springsteen, 385 So.2d 56 (Ala.Civ.App.1980); American Fire & Casualty Insurance Co., Inc. v. Bryan, 379 So.2d 605 (Ala.Civ.App.1980).
The defendant, through able counsel, contends that due to certain defects in plaintiff’s brief this court should not consider the merits of plaintiff’s appeal. While some of defendant’s contentions may have some application, it is the policy of this court to reach the merits whenever possible. In this instance, as seen from the above, we do deem it appropriate to reach the dispositive issues.
The defendant’s Rule 38 A.R.A.P. motion is denied.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.