HOLMES, Judge.
This is a suit for breach of a real estate contract.
Plaintiff sued the defendant, alleging that the latter had breached a written contract for the purchase of realty by defendant from plaintiff.
Plaintiff sought, alternatively, specific performance of the contract or $100,000 damages. Defendant counterclaimed to recover $500 she had paid as earnest money under the contract.
The case was tried before a jury, which returned a verdict in defendant’s favor on both plaintiff’s complaint and defendant’s counterclaim. The trial court entered a judgment in defendant’s favor on plaintiff’s complaint and a $500 judgment in defendant’s favor on her counterclaim. Plaintiff appeals. We affirm.
Plaintiff contends on appeal that the jury’s verdict is not supported by the evidence. In response to this contention, defendant correctly points out that plaintiff failed to file a postjudgment motion for either a judgment notwithstanding the verdict or for a new trial.
Plaintiff’s claim that the verdict is not supported by the evidence would require this court to review the sufficiency of the evidence. Any such review, however, is precluded by plaintiff’s failure to file a postjudgment motion. Skipper v. Alabama Farm Bureau Mutual Casualty Insurance Co., 460 So.2d 1270 (Ala.1984); McKinney v. Kimberly-Clark Corp., 449 So.2d 790 (Ala.Civ.App.1982), aff'd, 449 So.2d 794 (Ala.1983); Liberty Loan Corp. v. McCaskey, 404 So.2d 73 (Ala.Civ.App. 1981). We note, however, that from our review of the record there does appear to be evidence to support the jury’s verdicts.
Plaintiff also argues on appeal that the trial court erred in refusing to charge the jury that it had the right to recover as part of its damages interest payments it had made with regard to the subject realty. Plaintiff additionally contends that the trial court erred in not allowing it to present evidence of those interest payments.
We find that the matter of the interest payments goes only to the extent of damages the plaintiff might have recovered. The jury, however, concluded that defendant was not liable to plaintiff for any damages. Where the verdict and judgment absolve the defendant from any liability to plaintiff, the trial court’s erroneous failure to admit evidence or to charge the jury on a matter regarding only the extent of damage allegedly suffered by the plaintiff is harmless error. See McCullough v. L & N Railroad Co., 396 So.2d 683 (Ala.1981); Broughton v. Kilpatrick, 362 So.2d 865 (Ala.1978); Thomas v. Kulakowski, 441 So.2d 952 (Ala.Civ.App.1983).
This court renders no opinion as to whether the trial court’s failure to charge the jury that plaintiff was entitled to recover the interest payments as part of its damages or to allow plaintiff to present evidence of those payments was, in fact, error. We conclude only that, even if the trial court did err, such error was without injury and does not require reversal because the verdict absolved defendant of any liability to plaintiff.
*340 This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.